UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

    ERIC WALTER FUHRMAN,                 Case No.  17-21073-dob
          Debtor.                                    Chapter 13 Proceeding
                                                        Hon. Daniel S. Opperman
_____/
ERIC WALTER FUHRMAN,

       Plaintiff,

v.                                                          Adversary Proceeding
                                                          Case No. 17-02109-dob
WILMINGTON SAVINGS FUND SOCIETY,
FSB, D/B/A CHRISTIANA TRUST, AS
TRUSTEE FOR PRETIUM MORTGAGE
ACQUISITION TRUST,

       Defendant,

and

RUSHMORE LOAN MANAGEMENT
SERVICES,

       Defendant.
_____/

<u>REPORT AND RECOMMENDATION OF PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW REGARDING DEFENDANTS' JOINT MOTION FOR
SUMMARY JUDGMENT AS TO COUNTS III AND IV</u>

<u>Introduction</u>

The Court has before it a joint motion brought by Defendants Wilmington Savings Fund Society and Rushmore Loan Management Services for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 made applicable to this bankruptcy proceeding by Federal Rule of Bankruptcy Procedure 7056. Plaintiff Eric Walter Fuhrman's Amended Complaint seeks

1

avoidance of the mortgage and disallowance of the claim owed to Defendants and alleges violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-17, ("RESPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). This instant Motion for Summary Judgment was filed following the Court's issuance of a written Opinion on March 30, 2018, denying Defendants' Motion To Dismiss pursuant to Rule 12(b)(6). While cautioning that the Plaintiff "ultimately may not be able to prevail" on the various counts, the Court denied Defendants' Motion To Dismiss concluding that Plaintiff had alleged sufficient facts in his Amended Complaint to survive a motion to dismiss as to all counts.

The Court has recently entered an Opinion Granting Defendants' Motion for Summary Judgment as to Counts I and II, finding no genuine issue of material fact existed regarding either count. In that Opinion, the Court concluded that Counts III and IV are non-core and that it in the exercise of its "related to" jurisdiction, the Court is authorized pursuant to 28 U.S.C. 157(c)(1) to submit proposed findings of fact and conclusions of law to the District Court, but may not enter a final order or judgment as to these remaining counts. After careful review of the pleadings and evidence in this matter, the Court submits the following Report and Recommendation.

<u>PROPOSED PROCEDURAL BACKGROUND AND FINDINGS OF FACT</u>

The following facts are not in dispute. In October of 2004, Plaintiff and his father, Walter W. Fuhrman, jointly owned a piece of real estate as joint tenants with full rights of survivorship. This property is commonly known as "8423 M-65, Posen, Michigan 49776" and is more fully described as:

> Township 34 North Range 6 East Section 34 Parcel in the Southwest 1/4 of the Northwest 1/4 Commencing 200FT North of the Southwest Corner thence East 210FT, thence North 200FT, thence West 210FT, thence South 200FT to the Point of Beginning.

On October 16, 2004, Walter Fuhrman sought financing from Homecomings Financial Network, Inc., and obtained a loan in the amount of $54,000. Walter Fuhrman executed a promissory note in that amount; Plaintiff is a not a party to that note and has no liability thereon. Walter Fuhrman and Plaintiff executed a document purporting to establish a mortgage in the property. The loan was recorded in the Presque Isle County Records. The mortgage was later assigned to Green Tree Servicing, LLC, and finally to Defendant Wilmington. The legal description of the property in the mortgage contains what Defendants consider a scrivener's error. Instead of stating "Range 6 East," the mortgage states "Range 6 West."

Defendants and their predecessors submitted billing statements to Walter Fuhrman and later to Plaintiff. These statements mentioned payments for escrowed property taxes and property insurance, property inspection fees, late fees, and other fees. Walter Fuhrman passed away in 2015. Plaintiff, believing the note and mortgage were enforceable, made payments to Defendants and their predecessors in interest; the payments were accepted.

Plaintiff also alleges the following facts. Plaintiff states that despite charging the account with escrow advances for taxes, Defendants failed to disburse payments to the Presque Isle County Treasurer for property taxes and failed to actually have property inspections performed. Instead, Plaintiff paid the property taxes directly, incurring fees in the process. In April of 2017, Defendants attempted to initiate foreclosure proceedings on the property by advertisement. In May of 2017, Plaintiff, through counsel, requested a full payment history relative to the mortgage and other information. However, Defendant Rushmore declined to provide any information, stating that Plaintiff was not a borrower under the note and not entitled to the information he had requested.

On May 24, 2017, Plaintiff filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code. Defendant Rushmore filed a proof of claim on behalf of Defendant Wilmington on September 25, 2017. Plaintiff initiated this adversary proceeding on September 26, 2017, against Defendants Wilmington and Rushmore along with Defendant Ditech Financial. Plaintiff sought disallowance of the claim based on the incorrect description of the property in the mortgage as well as the alleged failure to obtain the consent of Walter Fuhrman's wife on the mortgage, along with allegations of violations of RESPA, FDCPA, and the Michigan Consumer Protection Act ("MCPA"). Defendant Ditech filed a motion to dismiss and the court granted that motion on December 27, 2017. Defendants Wilmington and Rushmore brought a joint motion to dismiss on January 4, 2018. In his response to the motion to dismiss, Plaintiff conceded that he could not prevail on the arguments based on the failure to obtain Walter Fuhrman's wife's consent and the MCPA violation. He filed an Amended Complaint on January 25, 2018, reflecting this concession but realleging violations of RESPA and FDCPA. At the December 5, 2018 oral argument, Plaintiff's counsel conceded Plaintiff did not have a viable RESPA cause of action.

## PROPOSED CONCLUSIONS OF LAW

<u>Summary Judgment Standard</u>

Federal Rule of Civil Procedure 56 is made applicable in its entirety to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56(a) provides that summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden "of showing 'the absence of a genuine issue of material fact' as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317,

322-23 (1986)). "A 'genuine' issue is one where no reasonable fact finder could return a judgment in favor of the non-moving party." *Chudzinski v. Hanif* (*In re Hanif*), 530 B.R. 655, 663 (Bankr. E.D. Mich. 2015) (quoting *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998)).

The burden shifts to the nonmoving party once the moving party has met its burden, and the nonmoving party must then establish that a genuine issue of material fact does indeed exist. *Janda v. Riley-Meggs Indus., Inc.*, 764 F. Supp. 1223, 1227 (E.D. Mich. 1991). The non-moving party "'must do more than simply show that there is some metaphysical doubt as to the material facts. If the record taken in its entirety could not convince a rational trier of fact to return a verdict in favor of the non-moving party, the motion should be granted.'" *Hanif*, 530 B.R. at 663 (quoting *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995)).

<u>RESPA and FDCPA Counts</u>

As stated in this Court's March 30, 2018 Opinion, Plaintiff alleges multiple RESPA, 12 U.S.C. §§ 2601-17, and FDCPA, 15 U.S.C. § 1692, violations. The Court concluded that while these counts were not normally ones over which this Court would decide in isolation, such were sufficiently connected with the mortgage avoidance and claim disallowance counts to allow this Court to determine these counts. Recently, this Court granted Defendants' Motion for Summary Judgment as to Plaintiff's mortgage avoidance claims and concluded that Plaintiff's remaining RESPA and FDCPA claims are "related to" this Court's jurisdiction such that this report and recommendation was appropriate.

**Count III – RESPA Violations**

At the December 5, 2018 hearing, Plaintiff's counsel conceded Plaintiff does not have standing on the RESPA claim "'Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under

5

Fed.R.Civ.P. 12(b)(1).'" *Stalley ex rel. U.S. v. Orlando Reg. Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (quoting *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991)).  This Court concludes Count III should be dismissed.

**Count IV – Fair Debt Collections Practices Act**

As to the FDCPA claim, Count IV, Plaintiff alleges in his Amended Complaint:

> 39. The Defendants engaged in conduct, the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt, 15 U.S.C. § 1692d.
>
> 40. Defendants falsely represented the character, amount, or legal status of the debt and collected payment for fees not expressly authorized by the agreement creating the debt or permitted by law by assessing charges for inspections not performed, insurance not purchased, and tax payments not distributed.
>
> 41. Defendants improperly increased the fees that the Defendants could charge to the account; improperly increased the amount of the debt; and improperly increased the legal fees and expenses of the Debtors.
>
> 42. As a result of the above violations of the FDCPA, the Defendants are liable to the Debtor-Plaintiff for actual damages, statutory damages of $1,000.00, and attorney's fees.

The Court has carefully reviewed the facts as pled by Plaintiff in the Amended Complaint, as well as the entire record for any allegation of conduct, which may have the "natural consequence of harassing or abusing" to Plaintiff.  The alleged facts with regard to Defendants' conduct are summarized entirely above in the Court's Findings of Fact.  Plaintiff has not supplemented his factual allegations in this regard.  Plaintiff alleges that Defendants violated 15 U.S.C. § 1692d, which states:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(1)** The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

**(2)** The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

**(3)** The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.

**(4)** The advertisement for sale of any debt to coerce payment of the debt.

**(5)** Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

**(6)** Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

The Court concludes that Plaintiff has not offered sufficient evidentiary support under any of the above subsections of 28 U.S.C. § 1692d. This failure by Plaintiff to establish the existence of any element essential to his FDCPA claim satisfies the Court that there is no genuine issue of material fact for trial. Summary judgment should accordingly be granted in Defendants' favor. *See Saltzman v. I.C. Sys., Inc.*, No. 09-10096, 2009 WL 3190359, at *3 (E.D. Mich. Sept. 30, 2009) (concluding summary judgment appropriate in favor of defendant on plaintiff's FDCPA claims where "Plaintiff provide[d] virtually no evidentiary support for her claims beyond the generic allegations contained in her Complaint.").

CONCLUSION

The Court recommends that the United States District Court enter an order granting Summary Judgment as to Counts III and IV in favor of the Joint Defendants and that Plaintiff's Amended Complaint be dismissed.

Pursuant to Federal Rule of Bankruptcy Procedure 9033, the Clerk "shall serve forthwith copies on all parties by mail and note the date of mailing on the docket." Objections may be served and filed pursuant to Rule 9033(b).

**Signed on December 18, 2018**

/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge