UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

    ERIC WALTER FUHRMAN,                         Case No. 17-21073-dob
              Debtor.                                          Chapter 13 Proceeding
                                                                           Hon. Daniel S. Opperman
_____/

ERIC WALTER FUHRMAN,

       Plaintiff,

v.                                                                            Adversary Proceeding
                                                                             Case No. 17-02109-dob

WILMINGTON SAVINGS FUND SOCIETY,
FSB, D/B/A CHRISTIANA TRUST, AS
TRUSTEE FOR PRETIUM MORTGAGE
ACQUISITION TRUST,

       Defendant,

and

RUSHMORE LOAN MANAGEMENT
SERVICES,

       Defendant.
_____/

OPINION REGARDING DEFENDANTS' JOINT MOTION FOR
SUMMARY JUDGMENT AS TO COUNTS I AND II

Introduction and Background

The Court has before it a joint motion brought by Defendants Wilmington Savings Fund Society and Rushmore Loan Management Services for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 made applicable to this bankruptcy proceeding by Federal Rule of Bankruptcy Procedure 7056. Plaintiff Eric Walter Fuhrman's Amended Complaint seeks

1

avoidance of the mortgage and disallowance of the claim owed to Defendants and alleges violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-17, ("RESPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). This instant Motion for Summary Judgment was filed following the Court's issuance of a written Opinion on March 30, 2018, denying Defendants' Motion To Dismiss pursuant to Rule 12(b)(6). While cautioning that the Plaintiff "ultimately may not be able to prevail" on the various counts, the Court denied Defendants' Motion To Dismiss concluding that Plaintiff had alleged sufficient facts in his Amended Complaint to survive a motion to dismiss as to all counts.

Facts

The following facts are not in dispute. In October of 2004, Plaintiff and his father, Walter W. Fuhrman, jointly owned a parcel of real estate as joint tenants with full rights of survivorship. This property is commonly known as "8423 M-65, Posen, Michigan 49776" and is more fully described as:

> Township 34 North Range 6 East Section 34 Parcel in the Southwest 1/4 of the Northwest 1/4 Commencing 200FT North of the Southwest Corner thence East 210FT, thence North 200FT, thence West 210FT, thence South 200FT to the Point of Beginning.

On October 16, 2004, Walter Fuhrman sought financing from Homecomings Financial Network, Inc., and obtained a loan in the amount of $54,000. Walter Fuhrman executed a promissory note in that amount; Plaintiff is a not a party to that note and has no liability thereon. Walter Fuhrman and Plaintiff executed a document purporting to establish a mortgage in the property. The mortgage was recorded in the Presque Isle County Records and was later assigned to Green Tree Servicing, LLC, and finally to Defendant Wilmington. The legal description of the property in

the mortgage contains what Defendants consider a scrivener's error. Instead of stating "Range 6 East," the mortgage states "Range 6 West."

Defendants and their predecessors submitted billing statements to Walter Fuhrman and later to Plaintiff. These statements mentioned payments for escrowed property taxes and property insurance, property inspection fees, late fees, and other fees. Walter Fuhrman passed away in 2015. Plaintiff, believing the note and mortgage were enforceable, made payments to Defendants and their predecessors in interest; the payments were accepted.

Plaintiff also alleges the following facts which the Court accepts for purposes of this motion. Plaintiff states that despite charging the account with escrow advances for taxes, Defendants failed to disburse payments to the Presque Isle County Treasurer for property taxes and failed to actually have property inspections performed. Instead, Plaintiff paid the property taxes directly, incurring fees in the process. In April of 2017, Defendants attempted to initiate foreclosure proceedings on the property by advertisement. In May of 2017, Plaintiff, through counsel, requested a full payment history relative to the mortgage and other information. However, Defendant Rushmore declined to provide any information, stating that Plaintiff was not a borrower under the note and not entitled to the information he had requested.

On May 24, 2017, Plaintiff filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code. Defendant Rushmore filed a proof of claim on behalf of Defendant Wilmington on September 25, 2017. Plaintiff initiated this adversary proceeding on September 26, 2017, against Defendants Wilmington and Rushmore along with Defendant Ditech Financial. Plaintiff sought disallowance of the claim based on the incorrect description of the property in the mortgage as well as the alleged failure to obtain the consent of Walter Fuhrman's wife on the mortgage, along with allegations of violations of RESPA, FDCPA, and the Michigan Consumer

Protection Act ("MCPA"). Defendant Ditech filed a motion to dismiss and the court granted that motion on December 27, 2017. Defendants Wilmington and Rushmore brought a joint motion to dismiss on January 4, 2018. In his response to the motion to dismiss, Plaintiff conceded that he could not prevail on the arguments based on the failure to obtain Walter Fuhrman's wife's consent and the MCPA violation, so he filed an Amended Complaint on January 25, 2018, reflecting this. Under the Amended Complaint, Plaintiff sought avoidance of the mortgage due to the incorrect legal description and disallowance of the claim as a result. He also re-alleged violations of RESPA and FDCPA.

In support of this motion, Defendants offer the Affidavit of Laura J. Grossman, who is a searcher/examiner for Huron Shores Title Agency of Presque Isle County. Ms. Grossman has worked in the real estate title insurance agency industry for approximately 35 years and has the requisite knowledge to form opinions in this case. As stated in Ms. Grossman's Affidavit:

> 6. As part of my responsibilities as Searcher/Examiner of the Huron Shores Title Agency of Presque Isle County, I conduct searches of the real property records maintained by the Presque Isle County Register of Deeds.
>
> 7. I am aware that the Presque Isle County Register of Deeds maintains both a grantor/grantee index and a tract index to index recorded real estate documents and transfers.
>
> 8. On August 27, 2018, I conducted a search of the grantor/grantee index of the Presque Isle County Register of Deeds under the name of "Eric W. Fuhrman".
>
> 9. On August 27, 2018, I also conducted a search of the tract index of the Presque Isle County Register of Deeds using the following legal description:
>
> Land situated in the Township of Pulawski, County of Presque Isle, and State of Michigan, described as:
>
> Township 34 North Range 6 East, Section 34, Parcel in the Southwest 1/4 of the Northwest 1/4 Commencing 200FT North of

4

the Southwest Corner thence East 210FT, thence North 200FT, thence West 210FT, thence South 200FT to the Point of Beginning.

    10. On August 27, 2018, I also conducted a search of the tract index of the Presque Isle County Register of Deeds using the following parcel identification number: 130-034-000-011-00.

    11. The legal description and parcel identification numbers contained in paragraphs 9 and 10, above, are the property commonly known as 8423 M-65, Posen, Michigan 49776 (the "Property").

    12. The results of my aforementioned searches of the grantor/grantee and tract indices included the discovery of a mortgage granted to Walter W. Fuhrman, a married man and Eric W. Fuhrman to Homecomings Financial Network, Inc., on October 16, 2004, which was recorded against the Property on October 26, 2004, in the Presque Isle County Records at Liber 400, Page 912-929 (the "Mortgage"). A copy of the Mortgage is attached as Exhibit A.

    . . .

    15. Further, through my searches I discovered that the legal description for the Property has not been platted; it is a metes and bounds description.

Plaintiff has not offered any counter affidavit.

## Jurisdiction

This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1) and E. D. Mich. LR 83.50(a). For purposes of this Summary Judgment Motion as to Counts I and II, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (K) (determinations as to the validity, extent, or priority of liens). For purposes of Counts III and IV, this is not a core proceeding. Therefore, the Court could only have jurisdiction of this proceeding if it is determined to be "related to" this Chapter 13 bankruptcy case pursuant to 28 U.S.C. 1334(b).

## Summary Judgment Standard

Federal Rule of Civil Procedure 56 is made applicable in its entirety to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56(a) provides that summary judgment is proper

5

if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden "of showing 'the absence of a genuine issue of material fact' as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). "A 'genuine' issue is one where no reasonable fact finder could return a judgment in favor of the non-moving party." *Chudzinski v. Hanif* (*In re Hanif*), 530 B.R. 655, 663 (Bankr. E.D. Mich. 2015) (quoting *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998)).

The burden shifts to the nonmoving party once the moving party has met its burden, and the nonmoving party must then establish that a genuine issue of material fact does indeed exist. *Janda v. Riley-Meggs Indus., Inc.*, 764 F. Supp. 1223, 1227 (E.D. Mich. 1991). The non-moving party "'must do more than simply show that there is some metaphysical doubt as to the material facts. If the record taken in its entirety could not convince a rational trier of fact to return a verdict in favor of the non-moving party, the motion should be granted.'" *Hanif*, 530 B.R. at 663 (quoting *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995)).

Analysis

Avoidance of the Mortgage

Under 11 U.S.C. § 544(a)(3), also known as the "strong arm" clause of the Bankruptcy Code, a trustee "may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . a bona fide purchaser of real property. . . ."[1] Thus, the issue here is not whether the mortgage is valid, but whether a hypothetical bona fide purchaser would be able to avoid the mortgage. *See Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d

---

[1] The trustee has assigned his rights under 11 USC § 544 to the Plaintiff for the purpose of pursuing this action to avoid the mortgage on the property.

6

1020, 1024 (6th Cir. 2001). This issue is determined under state law. *Id.* "In Michigan, a bona fide purchaser of real property is put on constructive notice of a prior interest in property by the existence of a mortgage in the records of the appropriate county register of deeds." *Tibble v. Wells Fargo Bank (In re Hudson)*, 455 B.R. 648, 652 (Bankr. W.D. Mich. 2011) (citing Mich. Comp. Laws Ann. § 565.29). Recording acts are not subject to equitable construction "by means of which they may be made to give constructive notice of things the records do not show." *Barnard v. Campau*, 29 Mich. 162, 163-64 (1874). Therefore, if a mistake has been made in a recording, such as "a mortgage appears to be for a less sum than it was in fact given for, or a deed to cover less than was embraced by it, a subsequent purchaser has a right to rely on the record as showing the exact facts." *Id.* at 164.

In *Moyer v. Edlund (In re Vandenbosch)*, 405 B.R. 253, 264-65 (Bankr. W.D. Mich. 2009), the court held that a recorded mortgage on the wrong property did not provide a bona fide purchaser with constructive notice of the mortgage. In that case, the mortgage described the vacant lot adjacent to the property, rather than the property itself. *Id.* at 264. The court stated that even though there was a recorded land contract and an earlier mortgage that were properly recorded, "no amount of inquiry into the [p]roperty's chain of title would have revealed the . . . mortgage, because [it] had a different legal description." *Id.* The court therefore held that even though the mortgage may be valid, it could be avoided by the trustee. *Id.* at 265. In *Hudson*, the court reached a similar result. *Hudson*, 455 B.R. at 654. In that case, the debtor owned "Lot 5" but the mortgage's legal description referred to "Lot 6." *Id.* The court stated that the "mortgage on Lot 6, not being in the chain of title for Lot 5, provides no notice to a [bona fide purchaser] on Lot 5." *Id.* And even though the mortgage referenced the common address and the permanent

7

parcel number of "Lot 5," the mortgage was avoidable by the trustee due to the incorrect legal description. *Id.* at 654-56.

Defendants argue that the *Vandenbosch* and *Hudson* cases do not apply to this case, because the property at issue is not platted but rather uses a metes and bounds description. To support their argument, Defendants point to the *Hudson* court's reliance on the Michigan Land Division Act, Mich. Comp. Laws Ann. § 560.101, which only applies to platted property. The distinction between platted property and metes and bounds property is important; however, this Court finds that it is not determinative of the issue of whether a bona fide purchaser has constructive notice of the lien when the mortgage has an incorrect legal description. In fact, while the *Hudson* court's analysis did take into account the Michigan Land Division Act and its intended policy, the *Hudson* court also considered whether the mortgage was in the chain of title for the property, whether the language of the mortgage and its presence in the grantor-grantee index would have given a bona fide purchaser constructive notice requiring further inquiries, and, if so, what type of inquiries would be required and what those inquiries would have revealed. *Hudson*, 455 B.R. at 654-56.

Plaintiff seeks to avoid Defendants' mortgage under Section 544(a)(3) as a hypothetical bona fide purchaser. Under Michigan law, a bona fide purchaser is one who takes for value without notice or knowledge of an adverse interest. *Kohut v. Quicken Loans, Inc. (In re Wolfeil)*, 322 B.R. 302, 304 (Bankr. E.D. Mich. 2005) (citing *Hudson v. O. & A. Elec. Co-Operative, Inc.*, 52 N.W.2d 565, 567 (Mich. 1952)). "Constructive notice" is found when a person "has knowledge of such facts as would lead any honest man, using ordinary caution, to make further inquiries and does not make, but studiously avoids making, the obvious inquires." *Wolfeil*, 322 B.R. at 305 (quoting *Hudson*, 52 N.W.2d at 567)). Bankruptcy trustees typically acquire the

status of a hypothetical bona fide purchaser for purposes of this statute as they are without notice of a third party's claimed interest until the bankruptcy is filed.

With the Plaintiff Debtor asserting this status, as is the case here, the analysis is less typical, because a history of the pre-bankruptcy facts and circumstances is relevant. While at first blush, this analysis would appear to involve issues of fact, such is not always the case, and here, the element of notice is facially problematic for Plaintiff. The Court finds there is no genuine issue of material fact that Plaintiff had, at a minimum, constructive notice of Defendants' mortgage despite the incorrect legal description. There is no dispute that there was a minor error in the legal description for this property. Even so, the Court concludes that both a grantor/grantee index search utilizing Plaintiff's name, as well as a tract index search with the parcel identification number, which has remained constant, identify the existence of the subject mortgage and would have identified the existence of the mortgage to Plaintiff during the relevant time. These undisputed facts, as supported by the Affidavit of Ms. Grossman and unanswered by Plaintiff, lead this Court to conclude there is no material fact in dispute on this issue.[2]

While Plaintiff would have this Court look strictly at the incorrect legal description and declare the mortgage invalid for that reason alone, Plaintiff's position ignores the requirement that his status must be that of a bona fide purchaser, for avoidance under Section 544(a). The case law relied upon by Plaintiff still requires the subsequent "purchaser" to have acted in good faith and without notice. Accordingly, the Court concludes that Plaintiff is not a bona fide

---

[2] Defendants also point to Plaintiff's failure to answer discovery regarding his allegations of lack of notice, which Defendants assert should constitute an admission in this regard. Plaintiff disputes that discovery was not timely responded to and asserts he has not admitted "many of the items Defendants claim have been admitted." The Court need not consider Defendants' argument in this regard for purposes of this Opinion, because even without consideration of such, it concludes summary judgment in favor of Defendants is appropriate.

9

purchaser of the subject property for purposes of Section 544(a), and summary judgment should be granted as to Count I.

Turning to Count II, Plaintiff alleges in his Amended Company that: "If Count I of Debtor-Plaintiff's complaint is successful then Defendants have no enforceable claim against property of the Debtor-Plaintiff." (¶31, Amended Complaint, ECF No. 28). Plaintiff further alleges that he "did not execute a promissory note in favor of Defendants or their predecessors in interest." (¶32, Amended Complaint, ECF No. 28). To the extent Defendants' motion seeks summary judgment that its lien is valid as to the subject real property, the Court concludes that there is no genuine issue here. Because the mortgage is valid, such mortgage obligation remains in place. The Court further concludes that there is no genuine issue that there can be no enforceable personal obligation of Plaintiff as he did not sign the promissory note.

## Statutory Claims

As stated in this Court's March 30, 2018 Opinion, Plaintiff alleges multiple RESPA, 12 U.S.C. §§ 2601-17, and FDCPA, 15 U.S.C. § 1692, violations. The Court rejected Defendants' argument that the RESPA count does not give parties a private cause of relief, finding that, instead, "to the extent the Plaintiff's allegations serve as an objection to the amount of the claim, they are properly before this Court." The Court also rejected Defendants' argument that the FDCPA count should be dismissed, concluding that the issues of whether the alleged behavior was sufficiently harassing, oppressive, or abusive "are questions of fact that need to be further explored during discovery and trial if necessary. The Court concluded that while these counts were not normally ones over which this Court would decide in isolation, such were sufficiently connected with the mortgage avoidance and claim disallowance counts to allow this Court to determine these counts.

Because the Court has determined that Defendants are entitled to summary judgment on the mortgage avoidance and disallowance of claim counts as a matter of law, this Court concludes that, at most, it has "related to" jurisdiction over these counts as they do not "arise under" or "arise in" a bankruptcy proceeding under 28 U.S.C. § 1334(b). Thus, these counts are considered non-core because such do not "invoke[] a substantive right created by federal bankruptcy law or one which could not exist outside of bankruptcy." *Sanders Confectionery Prod., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 483 (6th Cir. 1992). The only basis for jurisdiction is that the Plaintiff happens to be the Debtor in the underlying Chapter 13 bankruptcy case. "Related to" proceedings are those that could be commenced in a federal or state court independent of the bankruptcy case, with the possibility of a conceivable effect upon the bankruptcy estate. *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990). The Court concludes that Plaintiff's claims against Defendants could conceivably impact his bankruptcy estate, if Plaintiff ultimately prevails and funds are recovered. Accordingly, the Court concludes that "related to" jurisdiction does exist.[3]

Because only non-core counts remain, the Court is authorized pursuant to 28 U.S.C. 157(c)(1) to submit proposed findings of fact and conclusions of law to the District Court, but may not enter a final order or judgment as to these remaining counts. The Court will separately enter a Report and Recommendation as to Counts III and IV.

---

[3] In "related to" proceedings, unless the parties consent to the bankruptcy judge entering a final order or judgment, a bankruptcy judge may only "submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be determined by the district judge. . . ." 28 U.S.C. § 157(c)(1).

Conclusion

For the reasons discussed in this opinion, the Court grants Defendants' Joint Motion for Summary Judgment as to Counts I and II, and further determines that the remaining Counts III and IV are non-core over which this Court has "related to" jurisdiction only. The Court directs Defendants, as the prevailing parties, to prepare an order consistent with this Opinion and the entry of order procedures of this Court.

**Signed on December 18, 2018**



/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge